**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Suite 780**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
**Attorneys for Plaintiff**

*Attorneys for Plaintiff, Robert Doty, and all others similarly situated*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DOTY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HP, INC. and DOES 1-10,<br><br>Defendant(s). | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq*.) and<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.)<br><br>**Jury Trial Demanded** |

Plaintiff Robert Doty ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant HP, INC. (hereinafter "Defendant") to stop Defendant's practice of modifying and corrupting Purchasers' printers by forcing unauthorized changes to their firmware and to obtain redress for all Purchasers Nationwide ("Class Members") who, within the applicable statute of limitations period, had their HP Printers modified to stop recognizing and accepting third-party ink cartridges.

2. Defendant is a Delaware corporation with its principal place of business and headquarters in California and is engaged in the manufacture, sale, and distribution of printers and related equipment and services throughout the world with a large share of its business done in California.

3. On or around September 13, 2016, thousands of HP Printer owners in the United States and other countries started experiencing problems and crashes with their HP Printers, since said printers stopped recognizing and accepting third-party ink cartridges (i.e. ink cartridges which had not been manufactured by HP, Inc. but were compatible with the HP Printers before September 13, 2016.

4. In an effort to dominate the ink cartridge marketplace, HP forced firmware modifications to the HP Printers which were specifically designed and programmed to reject, starting on September13, 2016, all third party ink cartridges, including any said third party ink cartridge which had already been purchased and installed by Class Members and which were already properly working in their HP Printers.

5. The Class Members were not informed by HP of this plan to program a rejection of third party ink cartridges. HP's goal was to program the

HP Printers, after their sale to Class Members, so that said HP Printers would only be able to communicate with and therefore only accept HP branded ink cartridges, which cost approximately twice as much, in order for HP to greatly increase its profits to the detriment of Class Members.

6. Plaintiff and similarly situated Purchasers purchased printers that were represented as having certain features and capacities.

7. Plaintiff and similarly situated Purchasers relied on these representations when purchasing their printers.

8. When purchasing these printers, Plaintiff and similarly situated Purchasers desired and believed to have obtained printers with the capacity to use third party ink-cartridges.

9. Plaintiff and similarly situated purchasers were not told at the time of purchase that their HP Printer would at some time in the future reject the less expensive third party replacement ink cartridges.

10. Furthermore, Plaintiff and similarly situated Purchasers were not informed by HP of the modifications in question and did not consent to HP unilaterally pushing such modifications into their HP Printer, rendering the printers fundamentally altered and making the printers no longer what Plaintiff and similarly situated Purchasers had bargained for.

11. For these reasons and others, Plaintiff brings this class action complaint on behalf of himself and individuals similarly situated against Defendant for its illegal, deceptive, and unconscionable actions in violating the privacy rights of hundreds of thousands of individuals nationwide in order to obtain an unfair and illegal competitive advantage.

**JURISDICTION AND VENUE**

12. This class action is brought pursuant to Federal Rule of Civil Procedure 23.

13. This matter is properly venued in the United States District Court for the Central District of California, in that Defendant forced the modification on Plaintiff's printer at his home in the County of Riverside, California. Plaintiff resides in the Central District of California and Defendant does business, <u>inter alia</u>, in the Central District of California.

14. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

15. In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiffs and the class are citizens throughout various States across the United States.

**THE PARTIES**

16. Plaintiff Robert Doty is a citizen and resident of the State of California, County of Riverside.

17. Defendant HP, INC. is a Delaware corporation with its principal place of business and state of incorporation in California. Defendant conducts a large share of its business within California and in this judicial district.

18. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its

behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

19. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

20. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

21. On or about December 14, 2015, Plaintiff purchased an HP Officejet Pro 8610e printer online from www.store.hp.com.

22. In purchasing the printer, Plaintiff paid more than valuable consideration. Including taxes and fees, plaintiff paid over $107.99.

23. In or around September of 2016, Plaintiff had discovered that HP, Inc. had forced a firmware modification on his computer that prevented him from using third party ink-cartridges.

24. Upon learning this, Plaintiff felt ripped off, cheated, and violated by Defendant.

25. Plaintiff never authorized Defendant to force this modification on him in any way nor at any time.

26. Defendant manufactured, sold and modified Plaintiff's printer.

27. Such business tactics rely on falsities, deception and force against a reasonable Purchaser.

28. Defendant expressly represented to Plaintiff, through written statements, that Plaintiff's printer would have certain features and functioning.

29. When purchasing the printer, Plaintiff planned on using third party ink-cartridges because HP ink-cartridges were much more expensive.

30. Plaintiff alleges that such representations and forced modifications were part of a common scheme to mislead Purchasers, invade their privacy rights and obtain an unfair competitive advantage against its business rivals in the current marketplace.

31. Not only were such representations clearly false because the printer was completely altered through the course of his use, but the forced modification completely robbed Plaintiff of any use of third party ink-cartridges.

32. Plaintiff would not have purchased the printer if he knew that the above-referenced statements made by Defendant were false and that Defendant would forcibly control and modify his printer.

33. Defendant benefited from falsely advertising the features and functions of the printer and from forcing unwanted and destructive modifications on Plaintiff's and similarly situated Purchasers' Printers. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

34. Plaintiff is informed, believes, and based thereon alleges that Defendant engaged in the exact same false misrepresentations and practices with respect to all the HP Officejet Pro 8610e model printers like the one that Plaintiff purchased as well as all the OfficeJet, OfficeJet Pro and/or OfficeJet Pro X line printers. Hereafter, these model printers shall be collectively referred to as "Class Products."

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil

Procedure 23.

36. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All United States Citizens who, between the applicable statute of limitations and the present, had an HP Printer that was modified to reject third party-ink cartridges.

37. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

38. Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

39. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

40. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

41. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

42. Rather, all claims in this matter arise from the identical and affirmative forced modifications.

43. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in forcibly modifying Plaintiff and other Class Members printers;

    (b) Whether Defendant made misrepresentations with respect to the printers originally sold to Purchasers;

  (c) Whether Defendant profited from both the initial sale and use of the printer and the forced modification;

  (d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et seq*.;

  (e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

  (f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

  (g) The method of calculation and extent of damages for Plaintiff and Class Members.

44. Plaintiff is a member of the class he seeks to represent

45. The claims of Plaintiff are not only typical of all class members, they are identical.

46. All claims of Plaintiff and the class are based on the exact same legal theories.

47. Plaintiff has no interest antagonistic to, or in conflict with, the class.

48. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought a printer from Defendant during the Class Period.  Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

49. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

50. Common questions will predominate, and there will be no unusual

manageability issues.

# FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

51. Plaintiff incorporates by reference each allegation set forth above.

52. Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

53. California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

54. Defendant misled Purchasers by making misrepresentations and untrue statements about its printers, namely, Defendant sold printers advertised to include particular features and functions and then forced modifications without their consent.

55. Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable Purchasers like Plaintiff and other Class Members.

56. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money and property. Plaintiff reasonably relied upon Defendant's

representations regarding the printers, namely that his printer would function in a particular way. In turn Plaintiff and other Class Members ended up with printers that turned out be entirely different than advertised.

57. Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

58. Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that its operating system would include particular features.

59. Defendant knew that the Printers did not in fact include the features it was said to include.

60. Thus, Defendant knowingly sold Printers to Plaintiff and other putative class members and then forcibly removed its originally advertised features.

61. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to Purchasers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising and forced modification of property, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising and forced modification of property, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

## Violation of Unfair Business Practices Act

## (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

62. Plaintiff incorporates by reference each allegation set forth above.

63. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

64. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to Purchasers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

65. In order to satisfy the "unfair" prong of the UCL, a Purchaser must

show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to Purchasers or competition; and, (3) is not one that Purchasers themselves could reasonably have avoided.

66.   Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to forcibly modify their Printers.  Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

67.   Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any Purchaser.  Defendant altered and destroyed Plaintiff's printer in order to obtain a competitive advantage in the marketplace.

68.   Finally, the injury suffered by Plaintiff and members of the Sub-Class is not an injury that these Purchasers could reasonably have avoided.

69.   Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

70.   California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a Purchaser must allege that the fraudulent business practice was likely to deceive members of the public.

71.   The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

72.   Here, not only were Plaintiff and the Class members likely to be deceived, but these Purchasers were actually deceived by Defendant.  Such

deception is evidenced by the fact that Plaintiff agreed to purchase Printers under the basic assumption that they included certain features and functionality. Due to the unequal bargaining powers of Defendant and Class Members, , it is likely that Defendant's fraudulent business practice would deceive other members of the public.

73. As explained above, Defendant deceived Plaintiff and other Class Members by representing the Printers as including the HP Smart Install feature, falsely represented the features of the Printers.

74. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

75. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

76. As explained above, Defendant deceived and invaded the privacy rights of Plaintiff and other Class Members by representing the Printers as including particular features and then modifying their functionality.

77. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Printers, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Printers, Plaintiff and Class Members would not have purchased the Printers. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

78. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

79. Defendant has thus engaged in unlawful, unfair, and fraudulent

business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

80.   Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

81.   Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

82.   Plaintiff, on behalf of himself and the Class, requests the following relief:

> (a) An order certifying the Class and appointing Plaintiff as Representative of the Class;
>
> (b) An order certifying the undersigned counsel as Class Counsel;
>
> (c) An order requiring HP, INC., at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;
>
> (d) An order requiring HP, INC. to engage in corrective advertising regarding the conduct discussed above;
>
> (e) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Printers during the relevant class period;

1  (f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) Any and all statutory enhanced damages;

(h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated: September 28, 2016     Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC


By: /s Todd. M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff Robert Doty